THEODORE WILMER v. JOSEPH BORER, *as Executor of the last Will of Anton Feldhofe, deceased, et al.*

### No. 97.

PLEADING — *Failure of Proof.* Where the testimony fails to establish the allegations of the petition, not only in some particular or particulars, but in its general scope and meaning, there is a failure of proof, and the plaintiff cannot recover. ·

MEMORANDUM.—Error from Douglas district court; A. W BENSON, judge. Action by Theodore Wilmer against John Borer, as executor of the last will of Anton Feldhofe, deceased, and others, to set aside a will. Judgment for defendants. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed September 9, 1896, states the material facts.

*Alford & Savage,* and *O. G. Richards,* for plaintiff in error.

*John Q. A. Vorton,* for defendant in error Joseph Borer, executor.

The opinion of the court was delivered by

GILKESON, P. J. : The petition alleges in substance as follows : (1) That on August 10, 1890 one Anton Feldhofe departed this life, in Douglas county, Kansas, being at the date of his death the owner of certain real and personal property ; that after his death there was presented to the probate court an instrument of writing purporting to be the last will and testament of said Anton Feldhofe ; that on the 12th day of August, 1890, said will was admitted to probate ; that by said will the defendants Henry Gerlach, Eberhardt Feldhofe, Bernard Brinkman, Catherine Roper, and the Church of the Holy Family, of Eudora, Douglas county, Kansas, were named as legatees ; that said

Anton Feldhofe died an unmarried man, without issue, neither father nor mother surviving him, but that certain persons therein named and made defendants were his only relatives and sole heirs; that the deceased at the date of the execution of said pretended will was of unsound mind, was not of sound and disposing mind, was wholly unable to sign said will or to know or comprehend the contents thereof; (2) that he never signed and executed said will, and did not, on the 4th day of August, 1890, or at any time, have the mental capacity to comprehend the contents of said instrument if read to him, he being unconscious most of the time; (3) that on said 4th day of August, 1890, he was wholly unable to remember the names of his brothers' and sisters' children, had forgotten and did not know that he had any blood relation or kin in the United States; (4) that the pretended will is not intelligible, is uncertain, and the devises and bequests therein are void; that said will is void for uncertainty; (5) that the plaintiff, on or about the 16th day of October, 1882, was an unmarried man living and residing in the province of Westphalia, in Germany, and that he is a son of a sister of said Anton Feldhofe, deceased; that his prospects in life at that time, if he had remained in Germany, were of the value of $4,000, but would be wholly lost to him if he removed from Germany to the United States; that he, on or about the said last-mentioned date, received a letter from the deceased, asking him about his (deceased) children, and informing him that he (deceased) was then quite wealthy, alone in the world, and wanted some one of his sister's children to come to this country to reside with him or near him; that several letters were exchanged between them, and that the said deceased agreed with

the plaintiff that, if the plaintiff would marry and emigrate to the United States, and settle with or near him, and help him as he should desire, and treat him as a person should under the circumstances, the deceased would make the plaintiff his sole heir to his property, both real and personal, that relying on these promises and agreements, and pursuant thereto, he married in Germany, and emigrated to the United States, and to Eudora, Kan., and commenced to labor for and improve the property of the said deceased, and to work for and turn over the proceeds thereof to the deceased for nearly one year and a half; that during that time he cared for the deceased, administering to his wants and comforts, and performed all things requested of him by the deceased; that afterward, and at the request of the deceased, plaintiff removed from the residence of the deceased, but continued to act and do as requested by deceased in and about the management of his property, home, and interest, but continued to do and perform all the duties and obligations of a son and child to the deceased up to the time of his death, and discharged all duties and requirements of deceased to the best of his knowledge and ability    Prayer for judgment is as follows:

"Setting aside said pretended will, and that the plaintiff be decreed to be the sole owner of the property, real and personal, owned by the deceased at the time of his death, and for such other and further relief as may be deemed equitable and proper in the premises."

Joseph Borer, the executor of said will, filed his answer, admitting the death of Anton Feldhofe at the time stated in the petition; his ownership of certain real and personal property; the presentation to and the admission to probate of an instrument purporting to be the last will and testament of Anton Feldhofe by

said probate court, on or about the time alleged in the petition, and that the parties mentioned in the petition were named in said will as legatees; denying each and every other allegation and averment in said petition contained; and further alleging, that on the 12th day of August, 1890, he duly qualified as executor of the will and of the estate of Anton Feldhofe, deceased; and that he has been and is now acting as the legally constituted executor of the will and estate of said deceased.

No other pleadings were filed in this action. Upon the issues thus joined, the case was tried by the court without a jury.

The will referred to is as follows:

"In the name of God, I, Anton Feldhofe, of the town of Eudora, in Douglas county and state of Kansas, of the age of 73 years, and being of sound mind and memory, do make and publish and declare this my last will and testament in the manner following, that is to say:

"1. I give and bequeath to Catherine Roper, of Eudora, the sum of $50.

"2. I give and bequeath to the Church of the Holy Family, of Eudora, Douglas county, Kansas, to be in the care of Rev. Henry Gerlach, the sum of $100.

"3. I give and bequeath to Henry Gerlach, for his own individual use, the sum of $10.

"4. I give and bequeath to Bernard Brinkman and Eberhardt Feldhofe, both of whom reside in Meclenbeck, near Munster, of the province of Westphalia, in Germany, the balance of my property, both real and personal to be divided as follows: One-half to Bernard Brinkman, to be divided equally with his cousins, and the other half to go to Eberhardt Feldhofe and by him divided equally with his cousins.

"5. I desire my debts, including the expenses of my last sickness, shall be paid before any division of the property be made.

"In witness whereof, I have hereunto caused my name to be attached, this 4th day of August, 1890.

"Attest: H. H. KARR.     ANTON x FELDHOFE."
his
mark.

"The above instrument was, at the date thereof, signed, sealed, published and declared by said Anton Feldhofe as his last will and testament in the presence of, and in his presence, and subscribed by himself and the witnesses in the presence of each other.

H. H. KARR.
PETER A. HARTIG."

On the margin is written the following: "6. I hereby appoint Joseph Borer my executor."

After the introduction of the testimony on the part of the plaintiff, the case was submitted to the court upon said testimony and pleadings. The court rendered judgment in favor of the defendant Borer, the executor, and against the plaintiff.

Like the defendant in error, from an examination of the petition in error, the pleadings of the case, and the brief of counsel for plaintiff in error, we are at a loss to know what the plaintiff relies on. We were led to believe, upon examination of the original petition, that this was an action to set aside the will of Anton Feldhofe on the ground of the unsoundness of mind at the time he executed the same, and to declare the same as void for uncertainty. Toward the close of said petition, the plaintiff seems to ask for a specific performance of a contract and that he be declared the sole heir of the deceased; but in his brief he abandons all the grounds alleged in the petition, and claims that the principal error committed by the trial court was refusing to allow his claim against the estate; but we have failed to see where, in the original petition, any claim was set up against the estate of Anton Feldhofe. After a careful examination of this record, we have

failed to find any reversible error. If any was committed, it was in favor of the plaintiff below, and of this he cannot complain. We think there is a total failure of proof on the part of the plaintiff below to establish any material allegation contained in his petition. There is not a word or syllable of testimony as to the mental, or even physical, condition of the deceased at the time the will was made, and certainly none establishing any contract or agreement between the deceased and the plaintiff.

If we consider the letters introduced in testimony as competent evidence, they do not establish a contract, but leave it entirely at the option of the plaintiff whether he comes or not, and his heirship clearly depended upon the treatment the deceased received at his hands. Take the strongest language that can be found in these letters, viz.: "If you want to come you have to do your rights of the kid, and I am going to do the rights of a father. If you treat like my kid, you shall be my heir, but not before I am dead. I am not going to put off my clothes before I am going to bed." Again, "If you treat me which you will have to do well, then I am going to treat right." These show what Feldhofe agreed to do provided plaintiff treated him well, and this could only be determined by association and acquaintance.

Now, was this contract carried out? The testimony of Catherine Summers shows that Wilmer and his wife were not with Feldhofe during his last sickness, nor had they been, or at his house, for six or seven years before he died, and that plaintiff went to Kansas City, and that before he went there he had moved away from Feldhofe's; that the deceased told her just before his death that

" he did not like the plaintiff, Wilmer, and did not

want to give him anything; said he did not do as he ought to, and went away; he promised to give him everything when he comes and stays with him, but after he come he did talk to him hardly; he did not talk enough and I told him to go; I did not want to have my old days like this, and he told him that at that time he would not give him anything, because he did not stay with him."

But should we adopt the theory of the plaintiff in error, that this is not an action to set aside the will, but a claim to the whole estate — that is, to declare him the sole heir — then he must fail in this action, for, to recover, he must establish the alleged contract. We think the judgment of the court is sustained by the evidence, and no error was committed by the trial court.

The judgment will therefore be affirmed.

All the Judges concurring.